FREMONT TELEPHONE COMPANY V. CHARLES KEELER.

FILED NOVEMBER 2, 1904.   No. 13,632.

Evidence examined, and *held* not sufficient to sustain the judgment
of the district court.

ERROR to the district court for Dodge county: CONRAD
HOLLENBECK, JUDGE. *Reversed.*

*Courtright & Sidner,* for plaintiff in error.

*F. W. Button,* contra.

OLDHAM, C.

This was a suit for personal injuries, instituted by plain-
tiff in the court below against his employer, the Fremont
Telephone Company. There was a trial to a jury in the
court below, and verdict for plaintiff for $150, judgment
on the verdict, and defendant brings error to this court.

To dispose of the cause it will only be necessary to
examine one of the alleged errors called to our attention
in defendant's brief, and that is that the evidence is not
sufficient to sustain the judgment. The facts underlying
the controversy, as testified to by the plaintiff in the court
below, are substantially as follows:  Plaintiff, at the time
of his injury, was a second lineman in the employ of the
defendant telephone company. He had been engaged in
stringing telephone wires on the poles of the company in
the city of Fremont for about two weeks before the ac-
cident complained of. He was 23 years of age, and had
done some work for the Bell Telephone Company before
his employment by the defendant. On the day preceding
the injury, defendant's foreman told plaintiff to prepare
to string a telephone line along the side of a brick building
in Fremont. To do this plaintiff had to procure a ladder,
and drive wooden plugs between the bricks on the side of
the building to support the attachments necessary to hold

the wires. The foreman seems to have given no instruction except as to the height at which the wires were to be strung, and to ask plaintiff if he could get a ladder to do the work. On the day of the injury, plaintiff borrowed a ladder from a paint shop, and placed it against the side of the building for the purpose of driving in the plugs; he ascended for about 15 feet, and says that, after he got to the top of the ladder, the foreman tossed him a plug, which he was to drive between the bricks. He placed one foot on the sill of a second-story window in the building and the other on the top of the ladder, and undertook to drive the plug between the bricks with a hand-ax, when he lost his balance and fell to the ground, sustaining the injury of which he complains.

The negligence alleged against the defendant in plaintiff's petition was, in substance, that he was without experience in stringing telephone wires on brick buildings, and that he should have been warned of the extra hazard of such an undertaking by defendant's foreman. We must confess, after a careful examination of plaintiff's testimony, that we are wholly unable to see any hidden or lurking danger in the occupation in which he was engaged, that required special instruction to apprise him of such fact, from either his employer or the foreman who stood in the place of the employer. He was not working with either defective or dangerous implements. He himself borrowed the ladder on which he ascended to his place of duty. There was no hidden defect, either in the ladder on which he stood, or in the hand-ax with which he drove the plugs, or in the plug furnished him, that in any manner contributed to the injury. It is not claimed that he was either blind, or insane, or of such very tender years as to be incapable of understanding the danger which must have been obvious to one having eyes to see, when he undertook to drive the plug. We therefore conclude that there is no evidence in the record tending to show any breach of any duty owed by the master to the employee, and, although we doubt not that plaintiff received a pain-

State v. Sornborger.

ful injury from the accident, his misforture is not, by any evidence in the record, connected with any negligent act on the part of his master.

We therefore recommend that the judgment of the district court be reversed and that the cause be remanded for further proceedings according to law.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded for further proceedings according to law.

REVERSED.